METRO ENTERPRISES, INC., *v.* UNITED FARM WORKERS UNION, AFL-CIO.

[Cite as Metro Enterprises v. United Farm Workers Union (1974), 41 Ohio Misc. 171.]

(No. 74CV-02-723—Decided August 22, 1974.)

Court of Common Pleas of Franklin County.

*Mr. Thomas E. Palmer,* for plaintiff.
*Mr. Stephen J. Spitz,* for defendants.

MARSHALL, J. Several hearings have been had in this case with reference to restraining orders. On February 28, 1974 we granted a temporary restraining order which was approved by counsel for both parties.

On March 19, 1974 plaintiff filed a second amended complaint, amending paragraphs 1 and subsection (a), of the original complaint, as to demand for judgment. Plaintiff by brief argues that the injunction it seeks should replace the temporary restraining order which has been in force since February 28, 1974.

In July, 1973, Gallo (The E. J. Gallo Winery of Modesto, California) signed a labor contract with Teamsters (International Brotherhood of Teamsters, Chauffers, Warehousemen and Helpers of America). After the ratification of this contract a conflict arose between the Teamsters and UFW (United Farm Workers Union, AFL-CIO) as to which union had the right to represent Gallo's employees. The UFW initiated a nationwide campaign to boycott Gallo's products in order to undermine the contract between Gallo and the Teamsters.

On February 6, 1974, the UFW, through its agents, appeared at the plaintiff's place of business, at 20 E. Lane Avenue, Columbus, Ohio, to carry out its boycott objectives. It pledged it would engage in intense picketing and a boycott of plaintiff's store unless plaintiff agreed to remove all of Gallo's wine products from its shelves. No such agreement was made. Picketing was begun on or about February 11, 1974, and the boycott was put into effect.

At several hearings we heard evidence concerning such picketing and boycott. UFW attempted to show that these acts were carried out in a lawful and orderly manner. Plaintiff gave evidence that they were conducted in such a way as to harass, intimidate, coerce, and embarrass customers and employees of plaintiff in an attempt to prevent them from doing further business with plaintiff.

The evidence showed that activities of agents of UFW were modified after the order was made on February 28, 1974. Nevertheless, the picketing and boycotting did continue. Plaintiff's general business was diminished. The activities of agents of UFW interfered with plaintiff's services to its customers, and caused some loss of goodwill of plaintiff's business.

We fully recognize that in certain labor disputes peaceful picketing may be a part of the freedom of speech guaranteed by the First and Fourteenth Amendments to the United States Constitution (*Thornhill* v. *Alabama* [1940], 310 U. S. 88), and Section 11, Article I of the Ohio Constitution. But the right to picket is not unlimited, and must be confined to peaceful dissemination of ideas. The power

and duty of the state to preserve the peace and to protect the privacy, lives and property of its residents is to be recognized and upheld.

Picketing as a means of exercising the right of free speech will be afforded constitutional protection only as long as it is lawfully conducted. (*W. E. Anderson Sons Co.* v. *Local Union No. 311* [1952], 156 Ohio St. 541.)

In the instant case the picketing was directed at the customers and employees of plaintiff. It appealed to them to withhold their patronage and services from plaintiff's store until Gallo wines were removed from the shelves. This constituted a boycott of the plaintiff's store. We hold that it was and is an illegal secondary boycott. Plaintiff in this case is an innocent third party caught in the middle of two disputes, one between the empoyer Gallo and a union (UFW) that wishes to represent that employer's employees, and the other between two unions, UFW and Teamsters, who wish to represent those employees in their relations with the employer. Apparently, since UFW could not by legal means force Gallo to recognize it as the lawful bargaining representative of its employees, it seeks to do so by the illegal means of a secondary boycott directed against Gallo's customers.

In this case the secondary boycott of plaintiff's business is unlawful because it is an unreasonable interference with the rights of plaintiff as an innocent third person. Plaintiff was not a party to the industrial strife in which defendants are involved. There is no employer-employee relationship existing between plaintiff and the UFW. There is no labor dispute between plaintiff and the UFW. Picketing by UFW of plaintiff's place of business is unlawful. (See *Crosby* v. *Rath* [1940], 136 Ohio St. 352; *American Federation of Labor* v. *Swing* [1941], 312 U. S. 321; *Chucales* v. *Royalty* [1955], 164 Ohio St. 214.)

We are not here concerned with an alleged unfair labor practice under the National Labor Relations Act (N.L.R.A.), which would give jurisdiction to the National Labor Relations Board. The doctrine of preemption does not apply.

We have jurisdiction to grant an injunction to remedy an unlawful secondary boycott and picketing being conducted by defendants against plaintiff's store.

We hold that the actions of UFW are unlawful under Ohio law as it relates to the secondary boycott and picketing. Defendants' actions have exceeded those legally permissible limits imposed in primary boycott situations. The pickets have on occasions massed together in front of points of ingress and egress to plaintiff's store, creating the effect of intimidation and coercion. Even our order limiting the number of persons who may picket at one time has not remedied the situation, nor given adequate protection to plaintiff from the effects of the unlawful secondary boycott caused by agents of defendant. Defendants do not have the right on the claim of peaceful picketing to determine who shall and who shall not enter and leave the property of plaintiff. Free access to its premises may not be lawfully obstructed by defendant in carrying out its alleged peaceful picketing and boycott of plaintiff's business and store. Defendant has no right to a course of conduct which interferes with the means of ingress and egress from plaintiff's store, nor to interfere with pedestrian and vehicular traffic in and about its store.

We hold that the actions of defendants have amounted to threats, intimidation, harassment and coercion of customers of plaintiff, that such acts are unlawful and should be enjoined. They have and do amount to more than peaceful persuasion, or as an appeal to reason, and have become a weapon of illegal coercion and duress. An order enjoining such illegal acts does not impair the rights of defendants as to their constitutional rights of free speech.

Plaintiffs do not have adequate legal remedies to cope with the types of damages they are sustaining because of the continuation of the picketing and boycotting conducted by defendants in this case.

We hold that plaintiff is entitled to a permanent injunction as prayed for in paragraph 1(a) of the second amended complaint, filed March 19, 1974. An entry may be submitted, accordingly.

*Permanent injunction granted.*